IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01614-BNB-CBS

WILLIAM H. EARLY,

Plaintiff,

v.

LINDA S. McMAHON,[1] Acting Commissioner of Social Security,

Defendant.
_____

**ORDER REVERSING DISABILITY DECISION
AND REMANDING TO COMMISSIONER**
_____

The matter is before me on the plaintiff's **Complaint** [Doc. #3, filed 8/19/05], which seeks review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401, *et seq*. and 1381 *et seq*. I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse the decision and remand this case to the Commissioner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff alleges that he is disabled as a result of swelling in his left leg, obesity, vision disorders, high blood pressure, and back pain. After his application for disability insurance benefits was denied, plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

---

[1] Linda S. McMahon became the Acting Commissioner of Social Security on January 20, 2007, and her name is substituted for that of Jo Anne B. Barnhart as the defendant in this suit. Fed. R. Civ. P. 25(d)(1); 42 U.S.C. § 405(g).

This hearing was held on September 21, 2004. At the time of the hearing, plaintiff was 47 years old. He has a high school education and past relevant work experience as a truck driver and in assembly. He has not engaged in substantial gainful activity since May 1, 2002.

The ALJ found that the plaintiff was not disabled and therefore not entitled to disability insurance benefits. The ALJ found that the medical evidence established that the plaintiff suffered from severe impairments, but the judge concluded that the severity of such impairments did not meet or equal any impairment listed in the social security regulations. The ALJ found that the plaintiff had the residual functional capacity to lift and carry 10 pounds frequently and 20 pounds occasionally and to sit, stand, and walk six hours each out of an eight hour workday. The ALJ further found that the plaintiff has no postural limitations and should avoid extreme heat and work requiring sharp vision. Although plaintiff thus was unable to return to his past relevant work, the ALJ found that there were jobs existing in significant numbers in the national economy that the plaintiff could perform given his residual functional capacity. The ALJ therefore found the plaintiff not disabled at step five of the sequential evaluation. The plaintiff appealed that decision to the Appeals Council. The Council affirmed. The plaintiff then filed this action.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." <u>Campbell v. Bowen</u>, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. §

423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. See Kelley v. Chater, 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity ("RFC") to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and RFC.

20 C.F.R. §§ 404.1520(b)-(f) and 416.920(b)-(f). See also Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988).

The claimant has the initial burden of establishing a disability in the first four steps of this analysis. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The burden then shifts to the

Commissioner to show that the claimant is capable of performing work in the national economy. Id.  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. Casias v. Secretary of Health & Human Services, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992); Brown v. Sullivan, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. Brown, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence. Hedstrom v. Sullivan, 783 F. Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. Id.

### III.  LEGAL ANALYSIS

Plaintiff claims the ALJ erred by (1) failing to make the proper review of the treating physician's opinion, (2) giving the non-examining state agency medical consultant more weight than the treating physician and failing to compare the two opinions under the correct legal

4

standard, (3) failing to apply the correct legal standards when evaluating the plaintiff's credibility, and (4) failing to find the plaintiff's low back injury to be severe.

Dr. Barris has been treating the plaintiff since June 1997. (Record, p. 142). The opinion of a treating physician as to the nature and severity of a claimant's impairment is entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2).[2] The Tenth Circuit Court of Appeals has stated:

> Under the regulations, the agency rulings, and our case law, an ALJ must give good reasons in the notice of determination or decision for the weight assigned to a treating physician's opinion. Further, the notice of determination or decision must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight. . . .
>
> The regulations and agency rulings give guidance on the framework an ALJ should follow when dealing with treating source medical opinions relating to the nature and severity of impairments. An ALJ should generally, give more weight to opinions from claimant's treating sources. In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for controlling weight. An ALJ should keep in mind that it is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques

---

[2]By contrast, treating source opinions are not afforded any special significance or controlling weight in the determination of issues reserved to the Commissioner, such as the determination of a claimant's RFC. See 20 C.F.R. §§ 404.1527(e) and 416.927(e); Sosa v. Barnhart, 2003 WL 21436102 at *5 (D. Kan. April 10, 2003), adopted, 2003 WL 21418384 (D. Kan. Jun. 17, 2003). Nevertheless, "[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." Social Security Ruling 96-8p, 1996 WL 374184 at *7 (SSA July 2, 1996).

5

or if it is inconsistent with the other substantial evidence in the case record.

The analysis is sequential. An ALJ must first consider whether the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is no, then the inquiry at this stage is complete. If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. In other words, if the opinion is deficient in either of these respects, then it is not entitled to controlling weight. The agency ruling contemplates that the ALJ will make a finding as to whether a treating source opinion is entitled to controlling weight. . . .

But resolving the "controlling weight" issue does not end our review. In completing the analysis[,] adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to controlling weight, not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927.

Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

After considering the pertinent factors, the ALJ must give good reasons in the notice of determination or decision for the weight he ultimately assigns the opinion. Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so.

Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003) (internal quotations and citations omitted).

Here, the ALJ acknowledges that:

> On September 20, 2004, Dr. Barris indicated that the claimant's symptoms included shortness of breath, decreased mobility, chronic leg pain and back pain. He said an x-ray showed a compression fracture at L2 and the claimant had lower extremity stasis changes. He indicated that the claimant's depression interfered with attention and concentration constantly but that he was capable of low stress jobs. He felt the claimant could sit, stand, and walk less than two hours in an 8-hour day. He said the claimant's legs should be elevated waist high for 8 hours out of an 8-hour workday. He indicated that the claimant would be absent more than four days per month as a result of his impairments or treatment.

(Record at p. 18).

The ALJ determined that Dr. Barris's opinion regarding the plaintiff's impairment was "entitled to little probative weight in determining the claimants' residual functional capacity." (Record at p. 19). In making this determination, the ALJ stated:

> Dr. Barris has described limitations so severe as to appear implausible. The possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he sympathizes for one reason or another. Another reality which should be mentioned is that patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians, who might provide such a note in order to satisfy their patients [sic] requests and avoid unnecessary doctor/patient tension. While it is difficult to confirm the presence of such motives, they are more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in the current case. The undersigned further finds that the evidence, when considered in its entirety, does not substantiate Dr. Barris' opinion regarding the claimant's impairment.

(Record, p. 18-19).

As a preliminary matter, "an ALJ's assertion that a family doctor naturally advocates his patient's cause is not a good reason to reject his opinion as a treating physician." Langley v. Barnhart, 373 F.3d 1116, 1121 (10th Cir. 2004). See also Frey v. Bowen, 816 F.2d 508, 515 (10th Cir. 1987) (stating that such a statement is conclusory and contradicts the established legal rule).

More importantly, however, the ALJ failed to explain his reasons for assigning the treating physician's opinion "little probative weight" as to the nature and severity of the plaintiff's impairment. There is no meaningful discussion regarding whether Dr. Barris's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" or whether "the opinion is consistent with other substantial evidence in the record." There is only a conclusory statement that the evidence "does not substantiate Dr. Barris' opinion regarding the claimant's impairment."

Even if the ALJ had properly found that Dr. Barris's opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record, the opinion is still entitled to deference and the ALJ is required to assign a weight to it using the factors provided in 20 C.F.R. §§ 404.1527 and 416.927. The ALJ did not discuss these factors.[3]

For these reasons, I find that the ALJ failed to articulate a legitimate reason for assigning Dr. Barris's opinion "little probative weight."

Compounding this error is the fact that the ALJ assigned the opinion of the State agency medical consultant "considerable weight," stating that it "appears to be supported by the clinical

---

[3] I note that the ALJ summarizes Dr. Barris's medical records regarding the plaintiff's visits. (Record at pp. 4-5.) However, a mere summary of the records falls far short of the analysis necessary to determine the weight to be given to a treating physician's opinions.

and laboratory findings discussed above, and is not inconsistent with other substantial evidence." (Record at p. 21). However, he ALJ did not specify how the opinion was supported by specific evidence in the record. Therefore, it is "difficult, if not impossible, for the reviewing court to determine whether substantial evidence supported the ALJ's decision." Bolan v. Barnhart, 212 F. Supp.2d 1248, 1262 (D. Kan. 2002).

The State agency medical consultant did not examine the plaintiff. (Record at p. 96). Rather, he completed an evaluation form regarding the plaintiff's residual functional capacity based on the evidence in the plaintiff's file. Id.

> The opinions of physicians who have seen a claimant over a period of time for purposes of treatment are given more weight over the views of consulting physicians or those who only review the medical records and never examine the claimant. The treating physician's opinion is given particular weight because of his unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or brief hospitalizations. The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all.

Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004) (internal quotations and citations omitted).

The ALJ erred in rejecting the treating-physician's opinion in favor of the non-examining, consulting-physician's opinion absent a legally sufficient explanation for doing so.

When evaluating the plaintiff's pain, the ALJ stated that the "medical records are insufficient to substantiate his allegations of disabling pain." (Record at p. 19). Therefore, the ALJ concluded that he was entitled to look beyond the medical records and examine the plaintiff's

9

...

credibility in evaluating the plaintiff's pain. Id.  Because it is unclear whether the ALJ appropriately weighted the treating physician's opinions regarding the plaintiff's pain, it is impossible to determine if a credibility determination was necessary.

The ALJ also concluded that the plaintiff's back pain "has not lasted nor is expected to last for a continuous period of not less than 12 months." (Record at p. 21).  This conclusion is contrary to Dr. Barris's opinion that the plaintiff's severe back pain is expected to last at least twelve months.  (Record at p. 142, ¶ 4, 5, 8).  Because it is unclear whether the ALJ appropriately weighted the Dr. Barris' opinion, I cannot determine whether the ALJ's conclusion regarding the plaintiff's back pain is supported by substantial evidence.

## IV. CONCLUSION

I cannot presume that the ALJ applied the correct legal standards in considering Dr. Barris's opinion, and I cannot meaningfully review the ALJ's determination absent findings explaining the weight assigned to the treating physician's opinion.  Watkins, 350 F.3d at 1301. Accordingly,

IT IS ORDERED that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is REVERSED.[4]

IT IS FURTHER ORDERED that the case is REMANDED to the ALJ, who is directed as follows:

>     a.    To re-evaluate the opinions of the treating physician, providing specific and legitimate reasons if his medical opinions are discounted and clearly explaining why any non-medical opinions are or are not adopted;

---

[4] I do not suggest by this ruling that plaintiff is or should be found disabled.

10

      b.      To re-contact plaintiff's treating physician(s) for further clarification if necessary and/or order any such further testing or examinations that he may deem helpful and appropriate (see Social Security Ruling 03-2p, 2003 WL 22399117 at *5 (SSA Oct. 20, 2003));

      c.      To re-evaluate plaintiff's residual functional capacity in light of the reexamination of the record and explain how that determination is supported by the medical evidence; and

      d.      To re-evaluate the disability determination.

Dated March 15, 2007.

                        BY THE COURT:

                        s/ Boyd N. Boland
                        United States Magistrate Judge